NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| MANUEL G. SANTOS, | |
| --- | --- |
| Plaintiff, | Civil Action No. 2:12-CV-04214 (JLL)(MAH) |
| v. | OPINION |
| IRON MOUNTAIN FILM & SOUND, | |
| Defendant. | |

**LINARES**, District Judge.

This matter comes before the Court by way of Defendant Iron Mountain Entertainment Services f/n/a Iron Mountain Film & Sound (hereinafter "Defendant")'s motion to dismiss Plaintiff Manuel G. Santos ("Plaintiff")'s Amended Complaint ("Am. Compl.") pursuant to Federal Rule of Civil Procedure 12(b)(6). The motion remains unopposed. The Court has considered Defendant's submission in support of the instant motion and decides this motion without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, Defendant's motion is **GRANTED** and Plaintiff's Amended Complaint is dismissed without prejudice.

I.   BACKGROUND[1]

Plaintiff brings this action under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, and the New Jersey Law Against Discrimination ("NJLAD"), N.J.S.A.

---

[1] The Court notes that Defendant points out in its brief in support of the instant motion that Plaintiff's Amended Complaint lists the events at issue as occurring in 2013 while Plaintiff's initial complaint lists the same events as occurring in 2011. Since the Equal Employment Opportunity Commission ("EEOC") charge (Def. Exhibit E) was filed by Plaintiff on September 7, 2011, the Court assumes that the events did in fact occur in 2011 not 2013. Thus, the Court will construe these events as having taken place in 2011. (*See* Def. Br. at 8.)

10:5-1 *et seq.* Plaintiff is Honduran and a resident of the County of Passaic, New Jersey. (Am. Compl. at ¶¶ 1, 14.) Defendant is a record management company with offices in the State of New Jersey. (*Id.*, at ¶ 2); (Def. Br. at 7.)

Plaintiff alleges that, around March 2011, Defendant discovered that films belonging to a client went missing. (Am.Compl. at ¶ 17.) At this time, Plaintiff had been directed to monitor another worker who was assigned to clean the bathroom. (*Id.*, at ¶ 18.) While monitoring the worker in the bathroom, Plaintiff observed that the toilet was clogged. (*Id.*, at ¶ 19.) Plaintiff was subsequently instructed to assist with the search for the lost client films. (*Id.*, at ¶ 20.) During the search for the lost films, Plaintiff "jokingly" commented that perhaps the films were the cause of the blockage in the toilet. (*Id.*, at ¶ 21.) Thereafter, a plumber repaired the toilet and discovered that pieces of the missing film were in fact the cause of the blockage. (*Id.*, at ¶¶ 22, 23.) Subsequently, on the basis of his comment, Plaintiff was accused of intentionally destroying the client's film. (*Id.*, at ¶ 24.) Defendant placed Plaintiff on paid suspension, and ultimately terminated his employment on April 10, 2011. (*Id.*, at ¶¶ 8, 10, 24.)

Plaintiff's Amended Complaint asserts the following four claims against Defendants: (1) breach of contract; (2) violation of NJLAD and Title VII; (3) tortious interference with economic advantage; and (4) defamation, slander and libel.[2]

## II. PROCEDURAL HISTORY

Plaintiff filed a charge against Defendant with the Equal Employment Opportunity Commission ("EEOC") on September 7, 2011. (Def. Exhibit E at 57).[3] On April 11, 2012 the

---

[2] To the extent Plaintiff claims violations of "other anti-discrimination laws" (*see* Am. Compl. at ¶ 15), the Court will disregard such claims. For a complaint to survive dismissal, Plaintiff's short and plain statement of the claim must "give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007).

[3] The Court may properly consider the attachments as Exhibits A-G to Defense Counsel's Declaration ("Def. Exhibit A-G") without converting Defendant's motion to dismiss into one for summary judgment to the extent that the

2

EEOC sent Plaintiff a letter stating that it was unable to conclude that the information provided establishes a violation of federal law on the part of Defendant. (Def. Exhibit F at 67). The EEOC included a right-to-sue letter which provided that Plaintiff's EEOC complaint was dismissed and Plaintiff had ninety days to file suit based the Title VII charge. (*Id.*) Plaintiff filed his initial Complaint on July 6, 2012, within the ninety day period. (CM/ECF Docket No. 1). Plaintiff's Amended Complaint, filed in this Court on August 23, 2013, alleges the following four counts:

### A. Breach of Contract

Plaintiff alleges that upon commencement of his employment with Defendant, Plaintiff entered into an agreement with Defendant prohibiting him from working for another employer engaged in similar business. (Am. Compl. at ¶ 25.) The Complaint provides that during Plaintiff's employment with Defendant, he received company handbooks and manuals that contained this agreement and were tantamount to a contract promising Plaintiff continued employment with Defendant. (*Id.*, at ¶¶ 26-28); (Def. Exhibit C). Plaintiff asserts that he relied upon this contract, which Defendant breached by firing him. (Am. Compl. at ¶¶ 28, 31.)

### B. Violation of NJLAD and Title VII

---

attachments are integral to Plaintiff's claims. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (observing "that a document integral to or explicitly relied upon in the complaint may be considered without converting the motion [to dismiss] into one for summary judgment.") (bracketed text in original) (internal quotation marks and citations omitted). This Court has previously held that "such documents include an EEOC charge and an associated right-to-sue letter issued by the EEOC." *Davis v. UPS*, CIV .A. 07-5923 (JLL), 2008 WL 4104680, *2 (D.N.J. Sept. 4, 2008) (internal citations omitted). In addition, Plaintiff cites to his receipt of the employee manuals and handbooks to support his breach of contract claim. (See Am. Compl. ¶¶ 26-28.) Because the EEOC charge, (Def. Exhibit E), is integral to Plaintiff's Title VII charge, and the manuals and handbooks, (Def. Exhibit C), are integral to his breach of contract claim, the Court can properly consider these documents on Defendant's motion to dismiss. *See, e.g., Pizio v. HTMT Global Solutions*, CIV.A. 09-1136 JLL, 2010 WL 3359524 (D.N.J. Aug. 25, 2010) ("A complaint does not state a claim upon which relief may be granted unless it asserts the satisfaction of the precondition to suit specified by Title VII: prior submission of the claim to the EEOC [ ] for conciliation or resolution."); *see also In re Burlington Coat Factory Sec. Litig.*, 114 F.3d at 1426.

Plaintiff claims that, during the course of his employment with Defendant, he was subjected to discriminatory treatment in violation of NJLAD and Title VII. (Am. Compl. at ¶¶ 15, 34, 35, 36.) Plaintiff is a member of two protected classes under NJLAD and Title VII: he is Hispanic and Honduran. (*Id.*, at ¶¶ 13, 14.) During his employment with Defendant, Plaintiff alleges that he was "wrongfully singled out for disparaging and negative treatment because of his ethnicity and national origin." (*Id.*, at ¶ 16.)

### C. Tortious Interference with Economic Advantage

Plaintiff alleges that Defendant made its discipline of Plaintiff "known to others in the community of the company." (*Id.*, at ¶ 9.) As such, Defendant's conduct allegedly constitutes tortious interference with Plaintiff's business and/or employment opportunities and economic advantage. (*Id.*, at ¶ 39.)

### D. Defamation, Slander and Libel

Plaintiff alleges that Defendant publicized Plaintiff's discipline within the company and to others in the business community. (*Id.*, at ¶ 9.) Plaintiff alleges that Defendant falsely represented to the New Jersey Department of Labor, Division of Unemployment that Plaintiff had engaged in conduct in violation of company policy during his employment with Defendant. (*Id.*, at ¶ 11.) The New Jersey Department of Labor, Division of Unemployment found that Defendant's allegation regarding Plaintiff's violation of company policy was not credible. (*Id.*, at ¶ 12.) As such, Plaintiff was awarded Unemployment Benefits from the date of his termination. (*Id.*) According to Plaintiff, this finding demonstrates that Defendant's statements were false and that its conduct defamed, slandered and libeled him. (*Id.*, at ¶ 42.)

On September 6, 2013, Defendant moved to dismiss Plaintiff's Amended Complaint. (CM/ECF Docket No. 18). Since Plaintiff is proceeding pro se, the Court afforded Plaintiff an

4

additional week to submit an opposition to the instant motion before writing this opinion. To date, an opposition has not been filed. Because the Court agrees with Defendant's arguments that Plaintiff has failed to state a plausible Title VII claim and the motion to dismiss is unopposed, the motion to dismiss is granted and Plaintiff's Amended Complaint is dismissed without prejudice. Plaintiff may amend the complaint within thirty days to comply with the pleading requirements discussed below.

### III. LEGAL STANDARD

On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), "[c]ourts are required to accept all well-pleaded allegations in the complaint as true and to draw all reasonable inferences in favor of the non-moving party." *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). But, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Courts are not required to credit bald assertions or legal conclusions draped in the guise of factual allegations. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429 (3d Cir. 1997). "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Twombly*, 550 U.S. at 555). Thus, a complaint will survive a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). However, "a *pro se* complaint, however inartfully pleaded must be held to less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *see also Alston v. Parker*, 363 F.3d 229, 234 (3d Cir. 2004) ("*pro se* complaints in particular should be construed liberally.").

5

IV.   **DISCUSSION**

In moving to dismiss Plaintiff's Complaint, Defendant makes the following arguments: (1) Plaintiff's claims should be dismissed for failure to state a claim pursuant to Rule 12(b)(6); (2) Plaintiff's NJLAD and defamation, slander and libel claims are barred by the applicable two-year statute of limitations; and (3) Plaintiff's defamation, slander and libel claims should be dismissed as privileged because the statements at issue were made in a judicial/quasi-judicial proceeding. (*See* Def. Br. at 16.)

A.   <u>Violation of Title VII</u>

Plaintiff asserts claims against Defendant under Title VII for discriminatory treatment. While Plaintiff's NJLAD claims will not be addressed at this time for the reasons set forth herein, the Court finds it worth mentioning that NJLAD claims are subject to the same analysis as those under Title VII. *See Schurr v. Resorts Int'l Hotel, Inc.*, 196 F.3d 486, 498 (3d Cir. 1999) ("Analysis of a claim made pursuant to the NJLAD generally follows analysis of a Title VII claim."). In support of its motion to dismiss, Defendant argues that Plaintiff has failed to allege a prima facie case to support his Title VII claim of discrimination on the basis of national origin or race/ethnicity. (Def. Br. at 12.)

Pursuant to Title VII, it is unlawful for an employer "to discharge any individual ... because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). As a general matter, the plaintiff bears the initial burden of establishing a prima facie case of discrimination under Title VII. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973) ("The complainant in a Title VII trial must carry the initial burden under the statute of establishing a prima facie case of ... discrimination."). This Court has previously held that "the central focus of the prima facie case is always whether the employer is treating some people less favorably than others because of their race, color, religion, sex, or national origin." *Rivers v.*

6

*Potter*, CIV.A. 05-4868 (JLL), 2007 WL 4440880, *3 (D.N.J. Dec. 18, 2007) (quoting *Sarullo v. U.S. Postal Serv.*, 352 F.3d 789, 798 (3d Cir. 2003)).

To establish a prima facie case for discrimination under Title VII, a plaintiff must allege that: "(1) he is a member of a protected class; (2) he is qualified for the position he held; (3) he was either not hired or fired from that position; (4) under circumstances that give rise to an inference of unlawful discrimination such as might occur when the position is filled by a person not of the protected class." *Jones v. Sch. Dist. Of Philadelphia*, 198 F.3d 403, 410-411 (3d Cir. 1999); *see also Clark v. Sewritas Sec. Servs*, CIV.A. 08-6356 JLL, 2010 WL 4181123 (D.N.J. Oct. 19, 2010).

The Court finds that Plaintiff has failed to make out a prima facie case under Title VII because his Complaint sets out facts sufficient to support only the first three elements laid out above. First, Plaintiff alleges that he is a member of two protected classes: he is Hispanic and Honduran. (Am. Compl. at ¶¶ 13, 14.) Since national origin and race are protected classes under Title VII, the complaint may be construed to support the first element. *See Sarullo v. U.S. Postal Serv.*, 352 F.3d 789, 798 (3d Cir. 2003) (holding that Plaintiff established his status as a member of a protected class by way of his ethnicity). Second, Plaintiff has alleged that he was hired as an Operations Specialist in 1999 and held the position until 2013 when he was terminated. (Am. Compl. at ¶¶ 6, 10.) The Court construes the complaint liberally and determines that Plaintiff has sufficiently pleaded his job qualifications by way of his continued employment with Defendant. *See Sempier v. Johnson & Higgins*, 45 F.3d 724, 729 (3d Cir. 1995) (holding that the court should consider a plaintiff's objective rather than his subjective qualifications in evaluating the sufficiency of a prima facie case, because "to deny the plaintiff an opportunity to move beyond the initial stage… would improperly prevent the court from

examining the criteria to determine whether [defendant's justification] was mere pretext"). As to the third element, Plaintiff alleges that he was "wrongfully terminated" on or about April 10, 2011, and thereby suffered an adverse employment action. (Am. Compl. at ¶ 10.)

As to the fourth element, Plaintiff must put forward "evidence adequate to create an inference that an employment decision was based on an illegal discriminatory criterion." *Pivirotto v. Innovative Sys., Inc.*, 191 F.3d 344, 356 (3d Cir. 1999). Plaintiff has not alleged any facts at this stage demonstrating that his position was subsequently filled by a person who was not a member of a protected class, or any other facts giving rise to an inference of discrimination. Absent such factual content, the Court cannot draw the reasonable inference that Plaintiff was discriminated due to his protected status. *See Iqbal*, 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged.") (internal citations omitted); *see also Sarullo*, 352 F.3d at 798 (holding that the central focus of a prima facie case "is always whether the employer is treating some people less favorably than others because of their race, color, religion, sex or national origin") (internal quotations omitted).

While the Court is mindful that Plaintiff is a pro se litigant and the Court is to construe the complaint liberally, the Court is precluded from crediting Plaintiff's "bald assertions or legal conclusions draped in the guise of factual allegations." *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d at 1429. Since Plaintiff claims discriminatory treatment without pleading specific facts in support of his claims, the complaint fails to state a plausible Title VII cause of action. Accordingly, Plaintiff's Title VII claim is dismissed without prejudice.

B. <u>Remaining State Law Claims</u>

Defendant also argues that: (1) Plaintiff's state law claims are inadequately pleaded; (2) Plaintiff's NJLAD and defamation, slander and libel claims are barred by the statute of limitations; and (3) Plaintiff's defamation, slander and libel claim is barred because the statements were made in a privileged proceeding.

Since the Court has dismissed Plaintiff's Title VII claim, the sole claim over which it has original jurisdiction pursuant to 29 U.S.C. § 1331, it declines to exercise supplemental jurisdiction over Plaintiff's state law claims inasmuch as judicial economy dictates that there is no significant interest served by adjudicating these particular claims in federal court at this time. *See* 28 U.S.C. § 1367(c); *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("It has consistently been recognized that pendent jurisdiction is a doctrine of discretion, not of plaintiff's right.... Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties."). As such, Plaintiff's state law claims are dismissed without prejudice.

V. **CONCLUSION**

For the reasons set forth above, the Court dismisses Plaintiff's Title VII claims without prejudice. The Court declines to exercise its supplemental jurisdiction over the state law claims at this time. Such claims are also dismissed without prejudice. Plaintiff shall have thirty days to file a second amended complaint that contains facts sufficient to make out a prima facie case under Title VII and may replead his state law claims at that time. Plaintiff's failure to file a second amended complaint on or before **December 13, 2013** will result in dismissal with prejudice, upon Defendant's motion. An appropriate Order accompanies this opinion.

Dated: November 13 2013

JOSE L. LINARES
U.S. DISTRICT JUDGE