**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MANUEL G. SANTOS,<br><br>Plaintiff,<br><br>v.<br><br>IRON MOUNTAIN FILM & SOUND,<br><br>Defendant. | Civil Action No. 2:12-CV-04214 (JLL)(MAH)<br><br>OPINION |

**LINARES**, District Judge.

This matter comes before the Court by way of Defendant Iron Mountain Entertainment Services f/n/a Iron Mountain Film & Sound (hereinafter "Defendant")'s motion to dismiss Plaintiff Manuel G. Santos ("Plaintiff")'s Second Amended Complaint ("SAC") pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court has considered the submissions made in support of and in opposition to the instant motion and decides this motion without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, Defendant's motion is **GRANTED** and Plaintiff's Title VII claim is dismissed *with prejudice*.

**I. BACKGROUND**

Plaintiff brings this action under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, and the New Jersey Law Against Discrimination ("NJLAD"), N.J.S.A. 10:5-1 *et seq.* Plaintiff is Honduran and a resident of the County of Passaic, New Jersey. (SAC at ¶¶ 1, 21.) Defendant is a records management company with offices in the State of New Jersey. (*Id.*, at ¶ 2; *see also* Def. Br. at 3.)

Plaintiff alleges that, on or about March 8, 2011, Defendant discovered that media films belonging to a client had gone missing. (SAC at ¶¶ 10, 11.) Plaintiff and his co-workers were directed to look for the missing films. (*Id.*, at ¶ 10.) The following day, Plaintiff alleges that all employees were directed to continue looking for the films. (*Id.*, at ¶ 11.) That same morning, Plaintiff was directed to escort the cleaning lady to the bathroom. (*Id.*) While cleaning the bathroom, the cleaning lady realized that one of the toilets was clogged and told Plaintiff's coordinator to call a plumber. (*Id.*, at ¶ 12.) Later that morning, Plaintiff alleges that he and his co-workers were joking about what could have happened to the missing films. (*Id.*, at ¶ 14.) Plaintiff alleges that he joked that someone threw the missing films in the toilet. (*Id.*) The next day, the plumber discovered pieces of film in the pipe. (*Id.*, at ¶ 15.)

Following this discovery, Plaintiff alleges that he was singled out and treated irrationally by management. (*Id.*, at ¶¶ 20, 21, 22, 26, 28.) On Friday, March 11, Plaintiff's supervisor directed him to do a "special job." (*Id.*, at ¶ 17.) Plaintiff claims that he was given this "special job" so that his supervisor could keep an eye on him and a co-worker. (*Id.*) The following Monday, Plaintiff claims that his supervisor was waiting for him at the door to the office. (*Id.*, at ¶ 18.) Plaintiff alleges that he was kept for two hours without any explanation and that during this time he could not "log into the [computer] system, touch the computer or perform any of his regular duties." (*Id.*, at ¶¶ 18, 19.) Plaintiff was also not allowed to go to the bathroom unescorted. (*Id.*, at ¶ 19.)

On March 15, Plaintiff arrived at work and again was not permitted to perform his regular duties. (*Id.*, at ¶ 25.) Plaintiff was called into Defendant's office for questioning. (*Id.*) There were two private investigators and two representatives from Human Resources in the room. (*Id.*) One of the private investigators informed Plaintiff that he was the first to be interrogated because

they believed Plaintiff knew who took the missing media. (*Id.*, at ¶ 26.) Plaintiff claims that he was treated like a criminal and questioned for two hours. (*Id.*)

Six days later, on March 21, Plaintiff was interrogated a second time. (*Id.*, at ¶ 28.) During this second interrogation, Plaintiff told the private investigator that he did not know who had taken the missing films. (*Id.*) Plaintiff stated that he only heard rumors as to who may have taken them. (*Id.*)

Plaintiff claims that he was found guilty of taking the missing films. (*Id.*, at ¶ 21.) He alleges that Defendant did not investigate the incident but, rather, "already [f]ound [him] guilty" prior to questioning him. (*Id.*, at ¶ 21.) Plaintiff was not provided with an explanation as to why he was the target of such treatment. (*Id.*, at ¶ 22.)

Defendant placed Plaintiff on paid suspension, and ultimately terminated his employment on April 14. (*Id.*, at ¶¶ 27, 30.) On April 19, Plaintiff received a termination letter from Defendant. (*Id.*, at ¶ 31.) The termination letter stated that, after a thorough investigation by two external investigators, Defendant determined that based on a number of factors Plaintiff "either had knowledge of [o]r [was] involved in the matter directly" and was guilty of gross misconduct. (*Id.*)

Plaintiff's Second Amended Complaint asserts the following three claims against Defendant: (1) violation of NJLAD; (2) violation of Title VII; and (3) defamation, slander and libel.

## II. PROCEDURAL HISTORY

Plaintiff filed a charge against Defendant with the Equal Employment Opportunity Commission ("EEOC") on September 7, 2011. (Def. Br. at 2; *see also* Def. Exhibit D).[1] Plaintiff filed his initial Complaint in this Court on July 6, 2012. (CM/ECF No. 1.) Plaintiff then filed an Amended Complaint on August 23, 2013. (CM/ECF No. 18.) Defendant moved to dismiss the Amended Complaint on September 6, 2013. (CM/ECF No. 20.) This Court granted Defendant's motion to dismiss the Amended Complaint on November 13, 2013, without prejudice. (CM/ECF No. 27.) Pursuant to this Court's prior Opinion, Plaintiff was permitted to file an amended complaint within thirty days. (Id.) Accordingly, Plaintiff filed a Second Amended Complaint ("SAC") on December 9, 2013. (CM/ECF No. 30.)

On January 10, 2014, Defendant moved to dismiss Plaintiff's SAC on the basis that it fails to state a claim pursuant to Rule 12(b)(6). (CM/ECF No. 36.) Plaintiff filed an opposition to the instant motion on January 21, 2014. (CM/ECF No. 39.) Defendant filed a reply brief on January 28, 2014. (CM/ECF No. 40.) Because the Court agrees with Defendant's arguments that Plaintiff has failed to state a plausible Title VII claim, the motion to dismiss is granted. Since this Court previously dismissed Plaintiff's Amended Complaint without prejudice and gave Plaintiff the opportunity to amend his complaint to allege a Title VII claim, Plaintiff's SAC is dismissed *with prejudice*.

---

[1] The Court may properly consider attachments Exhibits A-E to Defense Counsel's Declaration ("Def. Exhibit A-E") without converting Defendant's motion to dismiss into one for summary judgment to the extent that the attachments are integral to Plaintiff's claims. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (observing "that a document integral to or explicitly relied upon in the complaint may be considered without converting the motion [to dismiss] into one for summary judgment.") (bracketed text in original) (internal quotation marks and citations omitted). This Court has previously held that "such documents include an EEOC charge and an associated right-to-sue letter issued by the EEOC." *Davis v. UPS*, CIV.A. 07-5923 (JLL), 2008 WL 4104680, *2 (D.N.J. Sept. 4, 2008) (internal citations omitted).

## III. LEGAL STANDARD

On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), "[c]ourts are required to accept all well-pleaded allegations in the complaint as true and to draw all reasonable inferences in favor of the non-moving party." *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). But, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Courts are not required to credit bald assertions or legal conclusions draped in the guise of factual allegations. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429 (3d Cir. 1997). "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). Thus, a complaint will survive a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "[A] *pro se* complaint, however inartfully pleaded must be held to less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *see also Alston v. Parker*, 363 F.3d 229, 234 (3d Cir. 2004) ("*[P]ro se* complaints in particular should be construed liberally.").

## IV. DISCUSSION

In moving to dismiss Plaintiff's SAC, Defendant makes the following arguments: (1) Plaintiff's claims should be dismissed for failure to state a claim pursuant to Rule 12(b)(6); (2) Plaintiff's NJLAD claim is barred by the applicable two-year statute of limitations; and (3) Plaintiff's defamation claim is barred by the applicable one-year statute of limitations.

### A. Violation of Title VII

5

Plaintiff asserts one claim against Defendant under Title VII for discriminatory treatment. Plaintiff claims that, during the course of his employment with Defendant, he was subjected to discriminatory treatment in violation of NJLAD and Title VII. (SAC at ¶¶ 17, 18, 19, 20, 21, 22, 25, 37.) Plaintiff alleges that he is Honduran and that he was subjected to "disparaging and negative treatment due to [his] ethnicity and national origin and for other wrongful reasons."[2] (*Id.*, at ¶ 37.) In support of its motion to dismiss, Defendant argues that Plaintiff's SAC again fails to allege a prima facie Title VII claim of discrimination on the basis of national origin or ethnicity. (Def. Br. at 5.)

Pursuant to Title VII, it is unlawful for an employer "to discharge any individual … because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). As a general matter, the plaintiff bears the initial burden of establishing a prima facie case of discrimination under Title VII. *See McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802 (1973) ("The complainant in a Title VII trial must carry the initial burden under the statute of establishing a prima facie case of … discrimination."). This Court made clear in its prior opinion that "the central focus of the prima facie case is always whether the employer is treating some people less favorably than others because of their race, color, religion, sex, or national origin." *See Santos v. Iron Mountain Film and Sound,* 2:12-CV-04214, 2013 WL 6054832 (D.N.J. Nov. 14, 2013) (quoting *Sarullo v. U.S. Postal Serv.,* 352 F.3d 789, 798 (3d Cir. 2003)).

To establish a prima facie case of discrimination under Title VII, a plaintiff must allege that: "(1) he is a member of a protected class; (2) he is qualified for the position he held; (3) he was either not hired or fired from that position; (4) under circumstances that give rise to an

---

[2] While Plaintiff's NJLAD claims will not be addressed at this time for the reasons set forth herein, the Court finds it worth mentioning that NJLAD claims are subject to the same analysis as those under Title VII. *See Schurr v. Resorts Int'l Hotel, Inc.,* 196 F.3d 486, 498 (3d Cir. 1999) ("Analysis of a claim made pursuant to the NJLAD generally follows analysis of a Title VII claim.").

inference of unlawful discrimination such as might occur when the position is filled by a person not of the protected class." *Jones v. Sch. Dist. Of Philadelphia,* 198 F.3d 403, 410-411 (3d Cir. 1999); *see also Clark v. Sewritas Sec. Servs,* CIV.A. 08-6356 JLL, 2010 WL 4181123 (D.N.J. Oct. 19, 2010).

The Court finds that Plaintiff has again failed to make out a prima facie case under Title VII. The SAC sets out facts sufficient to support only the first three elements of a prima facie Title VII violation. First, Plaintiff alleges that he is Honduran. (SAC at ¶ 21.) Since national origin is a protected class under Title VII, the complaint may be construed to support the first element. *See Sarullo,* 352 F.3d at 798 (holding that Plaintiff established his status as a member of a protected class by way of his ethnicity). Second, Plaintiff has alleged that he worked for Defendant from April 2004 until April 2011, when he was terminated. (SAC at ¶¶ 3, 31.) The Court construes the complaint liberally and determines that Plaintiff has sufficiently pleaded his job qualifications by way of his continued employment with Defendant. *See Sempier v. Johnson & Higgins,* 45 F.3d 724, 729 (3d Cir. 1995) (holding that the court should consider a plaintiff's objective rather than his subjective qualifications in evaluating the sufficiency of a prima facie case, because "to deny the plaintiff an opportunity to move beyond the initial stage... would improperly prevent the court from examining the criteria to determine whether [defendant's justification] was mere pretext"). As to the third element, Plaintiff alleges that he was subjected to "disparaging and negative treatment" and ultimately terminated, thereby suffering an adverse employment action. (SAC at ¶¶ 30, 37.) *See Storey v. Burns Int'l. Sec. Servs.,* 390 F.3d 760, 764 (3d Cir. 2004) ("[W]e have defined an adverse employment action under Title VII as an action by an employer that is serious and tangible enough to alter an employee's compensation,

terms, conditions, or privileges of employment.") (internal citations and quotations omitted); *see also Cardenas v. Massey,* 269 F.3d 251, 263 (3d Cir. 2001).

As to the fourth element, Plaintiff must put forward "evidence adequate to create an inference that an employment decision was based on an illegal discriminatory criterion." *Pivirotto v. Innovative Sys., Inc.,* 191 F.3d 344, 356 (3d Cir. 1999). Plaintiff has not alleged any facts that give rise to an inference of discrimination. Plaintiff has not alleged, for example, that his position was subsequently filled by a person who was not a member of a protected class. While Plaintiff has amended his complaint to add allegations that he was subjected to multiple interrogations, he does not allege facts that would allow this Court to infer discriminatory behavior by Defendant. (*See* SAC at ¶¶ 21, 22, 37.) In particular, Plaintiff fails to provide this court with facts alleging that other employees who were of a different ethnicity or national origin were treated more favorably. *See Sarullo,* 352 F.3d at 798 (holding that the central focus of a prima facie case "is always whether the employer is treating some people less favorably than others because of their race, color, religion, sex or national origin") (internal quotations omitted); *see also Prophete v. Blackstone Group,* CIV. A. 11-7425, 2013 WL 1565397 at *4 (D.N.J. May 2, 2012) (holding that Plaintiff did not allege a prima facie case where she failed to "advance any factual allegations to demonstrate that other… employees who were of a different religion and gender were treated more favorably"). Absent such factual content, the Court cannot draw the reasonable inference that Plaintiff was discriminated against due to his protected status. *See Iqbal,* 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged.") (internal citations omitted).

8

While the Court is mindful that Plaintiff is a pro se litigant and the Court is to construe the complaint liberally, the Court is precluded from crediting Plaintiff's "bald assertions or legal conclusions draped in the guise of factual allegations." *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d at 1429. Since Plaintiff continues to allege discriminatory treatment without pleading sufficient facts to support his claims, the Complaint fails to state a plausible Title VII cause of action. This Court previously dismissed Plaintiff's Amended Complaint without prejudice. Since Plaintiff was not able to amend his complaint to make out a prima facie case of discrimination, it would be futile to allow Plaintiff an additional opportunity to do so. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d. Cir. 2002) ("[T]he court must inform the plaintiff that he has leave to amend within a set period of time, unless amendment would be inequitable or futile.") (internal citations omitted). Accordingly, Plaintiff's Title VII claim is dismissed *with prejudice*.

B.   Remaining State Law Claims

Defendant also argues that: (1) Plaintiff's state law claims are inadequately pleaded; and (2) Plaintiff's NJLAD and defamation claims are barred by the applicable statute of limitations. (*See* Def. Br. at 6, 7, 8.)

Since the Court has dismissed Plaintiff's Title VII claim, the sole claim over which it has original jurisdiction pursuant to 29 U.S.C. § 1331, it declines to exercise supplemental jurisdiction over Plaintiff's state law claims. Section 1367(c)(3) of Title 28 provides, that "[t]he district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if ... the district court has dismissed all claims over which it has original jurisdiction...." *See Ortiz v. Univ. of Med. & Dentistry of New Jersey*, CIV. A. 08-2669, 2009 WL 2194782 at *2 (D.N.J. July 23, 2009); *New Rock Asset Partners, L.P. v. Preferred Entity Advancements, Inc.*,

9

101 F.3d 1492, 1508 (3d Cir.1996); *Growth Horizons, Inc. v. Delaware County, Pa.*, 983 F.2d 1277, 1284 (3d Cir.1993) ("In making its determination, the district court should take into account generally accepted principles of 'judicial economy, convenience, and fairness to the litigants.'") (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)). The Court finds that "at this early stage in the litigation, dismissal of the pendent state claims in a federal forum will result in neither a waste of judicial resources nor prejudice to the parties." *Freund v. Florio*, 795 F.Supp. 702, 710 (D.N.J.1992). As such, Plaintiff's state law claims are dismissed *without prejudice.*

## V.   CONCLUSION

For the reasons set forth above, Plaintiff's Title VII claim is dismissed *with prejudice.* The Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims, and they are dismissed *without prejudice.* An appropriate Order accompanies this opinion.

/s/ Jose L. Linares

JOSE L. LINARES
U.S. DISTRICT JUDGE

Dated: February 20, 2014